

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| KENNETH BETCHER; dba ALPHA | § | CASE NO: 08-35950 |
| KUSTOM & KOLLISION, ALEXIS | § | |
| BETCHER | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |

### MEMORANDUM OPINION, FINDINGS, AND CONCLUSIONS
### SUSTAINING OBJECTION TO EXEMPTION IN PART
### AND OVERRULING OBJECTION TO EXEMPTION IN PART
### (DOC # 13)

      Debtors created an irrevocable living trust and transferred their homestead and certain other property to themselves as trustees of the trust. Five months later, Debtors filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code. The chapter 7 Trustee objected to Debtors' claims of exemption on the basis that the transfer of the homestead to the trust disqualified that property as homestead property. After trial, the Court concludes that while the fee simple interest in the land claimed by Debtors in their schedules is not exempt homestead, Debtors' possessory interest in the real property is exempt. The Trustee also objected to Debtors' exemption of certain tools and equipment as tools of the trade. A preponderance of the evidence at the hearing established that the tools and equipment were used in Debtors' trade or business both before and after the bankruptcy petition date. Therefore, by separate written order issued this date, the Trustee's objection is sustained in part and overruled in part.

### I.    FINDINGS OF FACT

      For 43 years, Kenneth Betcher ("Mr. Betcher") was in the business of restoring vintage and extraordinary automobiles. He and his wife owned about 13 acres of rural land in Montgomery County, Texas, that was their homestead. Mr. and Mrs. Betcher and their children lived in mobile homes on that land. Mr. Betcher underwent treatment for colon cancer and his illness lead him to certain estate planning and caused him to file a petition commencing this bankruptcy case. Debtors have never relinquished possession of the land. They continue to live there.

      On May 21, 2008, Mr Betcher and his wife ("Debtors") executed an irrevocable living trust. Debtors are the initial trustees and they are also the "initial beneficiaries". Debtors' children are also "initial beneficiaries". The purpose of the trust is " … to provide for the maintenance and support of …" the initial beneficiaries. Mr. Betcher testified that he and his wife created the trust to take care of his wife when he became ill.

      Debtors transferred to the trust, as the initial trust property, the 13 acres of land in Montgomery County on which they lived, their mobile home, two motorcycles, a 1979 motor

home used in the business, a Toyota sedan, and a homemade trailer.  The trust document provides that the trustees are to pay to the "current beneficiaries" so much of the net income and principal as the trustees, in their sole discretion, deem necessary for the education, support and maintenance of the beneficiaries.  In fact, the trust property is not income producing and the trustees are simply allowing the beneficiaries to use the trust property as they used it before the trust was established.  The trust document recites that it is an irrevocable, spendthrift trust.  The trust terminates when all beneficiaries have died and all of Debtors' grandchildren are at least 25 years old.

The trust includes the usual provisions regarding the ability to invest trust property "in any reasonable manner", provides discretion for classification of income and principal, requires compensation to the trustee (unless waived), requires an annual accounting, and includes other usual provisions.  There was no evidence (or contention) concerning whether these requirements and provisions are being observed and honored in practice.

On September 8, 2008, Debtors filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code.  Debtors' schedule A claims a "fee simple" ownership of the 13 acres.  It is valued at $136,460, subject to a mortgage of about $28,000.  Schedule B lists, as additional property, an "equitable interest" in the trust; the value is scheduled as "unknown."  Schedule B also lists the other trust property as belonging to Debtors, with no mention of the trust relationship.  Schedule C, the schedule claiming exemptions, lists the 13 acres as Debtors' homestead and claims an exemption with respect to the other trust property.  Schedule D (secured creditors) indicates that Debtors gave security interests in the motorcycles owned by the trust to borrow money to pay bankruptcy attorneys' fees.[1]  Schedule E (unsecured priority claims) list the real property taxes on the trust property as a personal obligation of Debtors.  Schedule J (Current Expenditures and Income) lists the real property taxes on the trust property, the insurance premiums on the property, maintenance expenses on the trust property, and insurance on the property as Debtors' personal expenses.[2]

Debtors' bankruptcy statement of financial affairs discloses the transfers to the trust and indicates that Debtors continued to pay the mortgage on the trust property after the transfer of the property to the trust.

Debtor testified that prior to the date that he filed his bankruptcy case he used the tools listed in his schedules in his business of restoring automobiles.  He testified that he had three projects underway on the date that he filed his petition and he testified that two of those projects were still in process.  He testified that his son will reopen the business and that he will work for his son.  He also testified that he used a GMC bus (also trust property) to exhibit at trade shows in his business.  He testified that he never used the bus for personal use or for pleasure, except once when he was taking experimental cancer treatments; on that occasion he lived in the bus while taking treatments on the Mexican border.  Mr. Betcher also testified that he sold his tools to his son prior to the filing of the bankruptcy petition.  Although his testimony is conflicting and

---

[1] The trust document does not explicitly allow the trustees to borrow funds for the benefit of a beneficiary, and to give security interests in trust property to secure those loans, but it does incorporate Texas trust law generally.

[2] There was no suggestion at the hearing that the trust had any income whatsoever, and therefore apparently had no income to pay these expenses on the trust property.

is contrary to the information in his bankruptcy schedules, it seems that either Mr. Betcher still owns the tools and continues to use them in the business or else that he sold the tools to his son and uses his son's tools in continuing the business.

## II. CONTENTIONS OF THE PARTIES AND CONCLUSIONS OF LAW

A. Tools of the Trade and the Bus

With respect to the tools of the trade and the bus, the chapter 7 Trustee contends that Mr. Betcher terminated his business 4 months before he filed his bankruptcy petition. The only evidence presented at trial indicates that Mr. Betcher continues in the business. Whether Mr. Betcher owns the tools and continues to use them or whether he sold them to his son and uses his son's tools in the business, the chapter 7 Trustee has shown no right to the tools. The Trustee's objection to the claim of exemption of the tools (including the bus) is overruled.

B. The Land

The objection filed by the chapter 7 Trustee contends that Debtors' transfer of the land to the trust disqualified the property for the homestead exemption because the property is not titled in either Debtor's name. In oral argument, counsel for the chapter 7 Trustee clarified. She agreed that if Debtor had a life estate in the property, that life estate would be exempt. The Trustee simply contends that Debtors' bankruptcy schedules, which either state or imply that the fee simple title to the real property is exempt, are not valid because Debtor does not have fee simple title. Debtors' counsel responded that Debtors do not claim fee simple title to the land, and that the statement (or implication) to the contrary in the schedules is his (counsel's) error. Therefore, although the issue initially posed in the Trustee's objection to exemption was whether a debtor could take a homestead exemption for property that the debtor did not own, that was not the question postured at the hearing.

Before discussing the legal authorities, the Court wants to make clear that it is <u>not</u> addressing or deciding certain issues. This was a contested matter, not an adversary proceeding. Therefore, the Court will not address or determine ownership of the land, or whether the land is property of the estate. The Court will not consider the *bona fides* of the transfer of the land to the trust, the legal efficacy of the transfer, or the validity of the trust. The Court will not consider whether the Trustee could avoid the transfer to the trust under bankruptcy or state fraudulent conveyance laws. The Court will not address whether, if the Trustee were to avoid the transfer of the property to the trust, the homestead exemption would apply after the Trustee reacquires the property under state or federal fraudulent conveyance statutes. The Court will not consider whether the Debtor ought to be denied a discharge for making transfers intended to hinder, defraud, or delay creditors or for filing false schedules and financial statements. The Court will consider those (and any other) appropriate issues when, and if, they are properly brought.

TEX. PROP. CODE § 41.001 provides that a debtor's homestead is exempt from creditors' claims.

> "A homestead is the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances

> connected therewith." *Lifemark Corp. v. Merrit*, 655 S.W.2d 310, 314 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.)

The statute does not require fee simple title to qualify a homestead exemption.

> Under Texas law a homestead claimant need not hold the property in fee simple in order to invoke the exemption. "[A]ny possessory interest in a lot or lots, the fee-simple title not being required to support it, coupled with the requisite occupancy by the husband and his family, is sufficient to support a homestead claim." … Furthermore, "[i]t has been held that the rural homestead rights protected by Article 16, Section 50 of the Constitution of Texas may attach to property held ... at the will of the record owners." [*Resolution Trust Corp. v. Olivarez*, 29 F.3d 201, 205 (5th Cir. 1994), citations omitted.]
>
> However, according to the Texas Supreme Court "[i]t is ... a well-recognized principle of law that one's homestead right in property can never rise any higher than the right, title, or interest that he owns in the property attempted to be impressed with a homestead right." … [T]hat principle was applied to a homestead claimant who … occupied her homestead under a tenancy at will…. [T]he homestead claimant's "exemption from forced sale protect[ed] only such estate as she [held] in the property," and that the claimant, "having naked possession without any title ... [could] maintain her claim of homestead against all creditors save the true owner or one having better title."… It was further held that the "homestead interest in the possessory estate of a tenancy at will ... [would] survive judicial foreclosure of the deed of trust and sale of the property," but "the longevity of [that] estate [would] depend ultimately upon decision of the new fee title owner, at whose option the tenancy at will [might] be terminated or extended." [*Id.*]

Applying O*livarez* the present contested matter, the Court concludes that since the Debtors do not claim fee simple ownership of the property, they cannot sustain a homestead exemption for the title to the property.  However, because homestead rights do not require fee simple ownership, and since it is conceded that Debtors have a possessory right in the land as beneficiaries of the trust, the Court allows their exemption of the possessory right in the land.  Nevertheless, the exemption allowed in this ruling is limited, as it was in *Olivarez,* by any limitations on the trust's ownership of the land and on whatever term or other limits on the possessory rights that are imposed by the trustees of the irrevocable trust.  Said otherwise, if it is determined that the trustee of the irrevocable trust does not own the land, if the trustee of the irrevocable trust owns the land but limits Debtors' possessory rights, or if it is determined that another entity has a superior right to the trustee of the irrevocable trust, Debtors' possessory rights may be restricted or terminated accordingly.

      Whether the trustee of the irrevocable trust is the true owner of the land, whether the transfer of the land to the trustee of the irrevocable trust can be avoided, and whether anyone has rights superior to the trustee of the irrevocable trust are matters for another day.  The only issue decided by this decision is that Debtors' claim of exemption to the land is allowed to the extent of the Debtors' possessory interest in the land.

      SIGNED 01/26/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge